STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. AMIELLO RAIMONDI, PLAINTIFF IN ERROR.

Decided February 7, 1927.

**Crimes—Burning Buildings to Defraud Insurance Company— Error in Charge—After Jury Retired the Court Had it Brought Back, Referred to the Error and Read the Statute to Them—Held, This Cured His Error—Other Alleged Errors in Charge Considered, and Judgment Affirmed.**

On error to the Essex County Court of Quarter Sessions.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff in error, *Harold Simandl*.

For the defendant in error, *John O. Bigelow*.

PER CURIAM.

The plaintiff was indicted on two counts charging him with the burning of a dwelling-house in the city of Orange on the 10th of June, 1925. It appears there was insufficient proof with respect to the first count on the first trial of the case, and a verdict of not guilty was directed for the de-

fendant on this count. At the second trial the jury was instructed to disregard the first count and the state's evidence was directed only to the establishing the allegations of the second count. This count charged that the plaintiff in error did "willfully and maliciously set fire to and burn and aid, procure and consent to the setting fire of, and burning of, the building known as number 128 South Jefferson street, in the city of Orange aforesaid, which building was then insured by the New Brunswick Fire Insurance Company and the American Eagle Insurance Company of New York, corporations, against loss and damage by fire, with intent to prejudice the said corporations," &c. There was no direct evidence submitted by the state of the commission of the act charged against the plaintiff in error, the evidence being purely circumstantial.

The count of the indictment on which the accused was tried is founded upon section 126 of the Crimes act. The court, in charging the jury, obviously, by oversight, disregarded the section of the act on which the accused stood indicted and was being tried. In substance, the court instructed the jury that the gist of the indictment was the willful and malicious setting fire to or burning or aiding, counseling, procuring or consenting thereto, and that the plaintiff in error could be convicted for a violation of the section of the statute for which he stood indicted; of course, if the testimony adduced warranted a conviction. This was clearly an erroneous view of the situation present, and counsel of plaintiff in error took an exception.

After the jury had retired the trial judge's attention having been directed to the criticised statement of the law, he recalled the jury and said: "Gentlemen, in charging you, I referred to two elements—as to one, the act, if done, must be done maliciously or willfully; second, it is necessary to prove that the defendant set fire to the building with intent to burn it," and he goes on to say: "I will read the statute to you in its entirety, so there will be no misunderstanding, and I will withdraw from your consideration my reference to the elements and ask you to follow the statute," and thereupon he

read the statute in its entirety. To this supplemental charge an exception was taken and allowed.

We think the trial judge had cured the error into which he had fallen. He specifically instructed the jury to follow the statute.

The circumstances alluded to seems to be the principal ground urged in the brief of counsel of plaintiff in error for a reversal of the judgment, and as to this ground we have reached the conclusion that it is without merit.

Next, it is urged that the court erred in charging the jury as follows: "Assuming the facts sworn to by the witness are satisfactorily proved, then the further inquiry arises whether the facts proved are explained or are explainable on any other rational conclusion than that the prisoner is the guilty person, whether the inference of guilt from such facts is, in the judgment of the jurors, sufficiently strong to justify a conviction that the prisoner is the guilty person, tested by the considerations whether the facts proved are capable of being reconciled with the hypothesis of innocence."

We find no harmful error in this instruction, especially since it was followed by the court's instruction that the defendant like all other persons is presumed to be innocent and the burden of establishing his guilt rested upon the state, and it is the duty of the state to establish his guilt beyond a reasonable doubt.

Lastly, it is argued that the verdict of the jury is illegal and void. The jury brought in the following verdict: "We find the defendant guilty of burning building to defraud insurers and recommend him to the mercy of the court, and so say they all."

The criticism made on the verdict is that the statute required the burning to be done with intent to prejudice the insurance companies, or other persons, and that the finding of the jury that the intention to defraud was not the criminal act alleged in the indictment and as set forth in the statute.

We find no merit in this contention. In *State* v. *Caporole,* 85 *N. J. L.* 495, this court held that an indictment charging the setting fire to a building with intent to *defraud* an in-

surer is sufficient to charge the statutory offense denouncing the setting of such fire with intent to prejudice an insurer.

At page 497, the court said: "It is equally plain that the word 'prejudice' is used in its generic sense, as to cause any harm or damage or loss to the insurer. That such insurer would be prejudiced by being defrauded is of course obvious." Clearly the finding of the jury of the intent to defraud fully designated the intent to prejudice the insurance companies.

Judgment is affirmed.